# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAD MARTIN,<br><br>        Plaintiff,<br>  v.<br><br>LASALLE BANK NATIONAL ASSOCIATION, as TRUSTEE; DOES 1-10 INCLUSIVE,<br><br>        Defendants. | Case No. 10cv1775 BTM(BGS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-RM3 (sued as "LaSalle Bank National Associate, as Trustee") ("Defendant") has filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. For the reasons discussed below, the Court **GRANTS** Defendant's motion to dismiss.

## I. FACTUAL BACKGROUND

According to the Complaint, Plaintiff is the tenant of the former owner of the property located at 4988 Northaven Ave., San Diego, CA 92110. (Compl. ¶ 4.) Defendant was the successful bidder at a foreclosure sale of the property. (Comp. ¶ 3.) Defendant served a 3-day Notice to Quit on Plaintiff and then initiated an unlawful detainer action in San Diego County Superior Court. (Compl. ¶ 5.)

Plaintiff seeks injunctive relief and damages on the ground that Defendant did not serve him with a 90-day notice, as required by the Protecting Tenants at Foreclosure Act of

2009 ("PTFA"), 123 Stat. 1632, 1660 (2009).

## II.  DISCUSSION

Defendant contends that Plaintiff's Complaint fails to state a claim because there is no private right of action under the PTFA.  The Court agrees.

The statute itself does not provide for a private right of action.  As for whether there is an implied right of action, district courts within the Ninth Circuit have held that there is nothing in the legislative history, statutory language, or statutory context that indicates that Congress intended to confer a private right of action.  See <u>Nativi v. Deutsche Bank Nat'l Trust Co.</u>, 2010 WL 2179885(N.D. Cal. May 26, 2010) (concluding that Congress intended the PTFA to be used for protection in state court and holding that there was no private right of action under the PTFA); <u>Zalemba v. HSBC Bank, USA, Nat'l Ass'n</u>, 2010 WL 3894577 (S.D. Cal. Oct. 1, 2010) (holding that based on the lack of "rights-creating" language in the PTFA in addition to the statutory structure within which the PTFA is found, Congress did not intend to create a private right of action under the PTFA).  The Court agrees that there is no basis upon which to imply that Congress intended to create a private right of action under the PTFA.

Accordingly, Plaintiff's claim under the PTFA fails, and Plaintiff's Complaint is dismissed.

## III.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED**.  the Clerk shall enter judgment dismissing the case.

**IT IS SO ORDERED.**

DATED:  January 3, 2011

Honorable Barry Ted Moskowitz
United States District Judge